# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-435V

|  |  |
|---|---|
| LAURA LAW,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: January 30, 2026 |

*Isaiah Richard Kalinowski, Bosson Legal Group, Fairfax, VA, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION AWARDING DAMAGES</u>[1]

On January 8, 2021, Laura Law filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine administered on October 30, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 29, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On January 30, 2026, Respondent filed a proffer on award of compensation indicating Petitioner should be awarded $70,000.00 for pain and suffering and $1,574.93 to satisfy a Medicaid lien to the state of California. Respondent's Proffer on Award of Compensation ("Proffer") at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award the following compensation:**

A. **A lump sum of $70,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

B. **A lump sum of $1,574.93, representing compensation for satisfaction of the State of California Medicaid lien to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:**

**Department of Health Care Services**
**Personal Injury Program, MS 4720**
**P.O. Box 997421**
**Sacramento, CA 95899- 7421**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| LAURA LAW, )<br><br>Petitioner, )<br><br>v. )<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, )<br><br>Respondent. ) | No. 21-435V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On February 19, 2024, petitioner filed a Motion for a Ruling on the Record ("Motion") arguing that she has established entitlement to compensation for a shoulder injury related to vaccine administration.  ECF No. 43.  Respondent filed his Response to petitioner's Motion on April 18, 2024, recommending that entitlement to compensation be denied.  ECF No. 45. On July 29, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[2]  ECF No. 47.

**I.      Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's July 29, 2025, entitlement decision.

A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$70,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of California Medicaid lien in the amount of **$1,574.93**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against any individual as a result of any Medicaid payments the State of California has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 30, 2019.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.    **Form of the Award/Recommended Payments**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [3]

A.   A lump sum payment of **$70,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Laura Law; and

B.   A lump sum payment of **$1,574.93**, representing compensation for satisfaction of the State of California Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

Department of Health Care Services
Personal Injury Program, MS 4720
P.O. Box 997421
Sacramento, CA 95899- 7421

Petitioner agrees to endorse this payment to Department of Health Care Services.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ NINA Y. REN
NINA Y. REN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
(202) 305-3781
Nina.Ren@usdoj.gov

DATED:  January 29, 2026

3